**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

LEILA MARGARITA CASAS MORALES

DEBTOR

LEILA MARGARITA CASAS MORALES

PLAINTIFF

VS.

BANCO POPLAR DE PUERTO RICO, ET ALS.

DEFENDANTS

CASE NO. 10-04800 BKT

Chapter 13

ADV. NO.: 10-0133

**FILED & ENTERED ON 09/26/2011**

<u>OPINION AND ORDER</u>

Before the Court is Plaintiff's Motion for Partial Summary Judgment on Liability [Dkt. No. 14], Defendant's Cross Motion for Summary Judgment [Dkt. No. 24], and Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment [Dkt. No. 32]. For the reasons set forth below, the Plaintiff's motion for partial summary judgment is DENIED, and the Defendant's Cross Motion for Summary Judgment is GRANTED.

<u>I. SUMMARY JUDGMENT STANDARD</u>

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Borges ex rel. S.M.B.W. v. Serrano-Isern</u>, 605 F.3d 1, 4 (1st Cir. 2010).  As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact.  <u>In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank (In re Rijos)</u>, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).  A fact is deemed "material" if it potentially could affect the outcome of the suit.

Borges at 5.  Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4.  The Court must view the evidence in a light most favorable to the nonmoving party.  Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004).  Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos at 388.

## II. FACTUAL BACKGROUND

The Plaintiff/ Debtor filed the present adversary proceeding alleging that the Defendant Banco Popular de Puerto Rico ("BPPR") is liable and in contempt for willful violations of the automatic stay provisions of 11 U.S.C. § 362(a).  The Plaintiff, Leila M. Casas Morales is a debtor in a chapter 13 case filed on May 31, 2010. Because Plaintiff was a co-debtor in her deceased mother's credit cards with Defendant, American Express account #3400 and Visa account #2052 were included in Schedule F as unsecured nonpriority claims of $4,945.08 and $4,199.00, respectively.1 On June 3, 2010, the Bankruptcy Court served BPPR by first class mail with notice of the filing of the bankruptcy and, thus, Defendant clearly had notice of Plaintiff's bankruptcy case. Additionally, Defendant has admitted that it obtained notice of Plaintiff's bankruptcy within a week of the filing thereof through a publication known as the "Boletín de Puerto Rico." The violation allegations stem from an incident on June 28, 2010, whereby debt collector ILCA Collection Agency, Inc., at the direction and on behalf of Defendant, sent two separate debt collection letters to Plaintiff's deceased mother demanding payment on the above-mentioned credit card debts.2 The postal address provided by the deceased mother, Emma Morales Alverio, to Defendant when the Visa and American Express credit cards were opened, is the same postal address provided by the Debtor in her bankruptcy petition. No other collection actions, besides the two (2) collection letters sent to Emma Morales Alverio by ILCA Collection Agency, Inc., on behalf of Defendant, BPPR, have been made. Thus, there are no other material facts in dispute and so we turn to the issue of whether summary judgment is appropriate.

---

1 Defendant states in his cross motion for summary judgment that Debtor/Plaintiff is co-debtor *only* to the Visa credit card account of her deceased mother.

2 Defendant states in his cross motion for summary judgment that a third collection letter dated July 8, 2010, was also mailed in the deceased mother's name to Debtor/Plaintiff. Although the third collection letter is included as an exhibit in Defendant's Motion, Plaintiff makes no mention of this third letter in the complaint nor in the Motion for Partial Summary Judgment as to Liability.

### III. LEGAL ANALYSIS AND DISCUSSION

11 U.S.C. § 362(a) establishes what actions are protected from the commencement, continuation, enforcement, creation or collection procedures against the debtor or property of the estate. In order to trigger the automatic stay, there must be an act against either the debtor or against property of the debtor or the estate. The automatic stay generally does not bar acts against non-debtors (such as a co-debtor who is liable on a debt with the debtor). 11 U.S.C. § 362(a). A basic tenet of federal bankruptcy law is that the automatic stay suspends creditor collection efforts and litigation against a debtor that files for bankruptcy protection, but does not apply to actions directed toward non-debtor third-parties. F.D.I.C. v. Torrefaccion Cafe Cialitos, Inc., 62 F.3d 439 (D.Puerto Rico, 1995). Although the scope of the protections of the automatic stay is broad, the automatic stay only stays actions against the debtor, and so the protections of the stay do not extend to entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the debtors. In re R&G Financial Corp., 441 B.R. 401 (Bkrtcy.D.Puerto Rico, 2010). Protection of the automatic stay may be extended to nondebtors if "unusual circumstances" are found, such as (1) the nondebtor and debtor enjoy such an identity of interests that the suit of the nondebtor is essentially a suit against the debtor, or (2) the third-party action will have an adverse impact on the debtor's ability to accomplish reorganization. Id; In re Bora Bora, Inc., 424 B.R. 17 (Bkrtcy.D.Puerto Rico, 2010). However, such circumstances are not found in the case at bar. Also, the automatic stay protection would extend to a non-debtor in a Chapter 13 case if the bankruptcy debtor is the primary obligee on the debt and a non-filing guarantor exists. See, 11 U.S.C. § 1301. However, from the facts provided in the statement of material facts, that was not the circumstance in our case either because the bankruptcy debtor (Plaintiff) is the guarantor, not the primary obligee, and it is unknown whether the debts are consumer debts. Moreover, the Plaintiff does not assert a violation of § 1301.

From a plain reading of the statute, it is evident that actions against a third party or a non debtor are not protected under the Bankruptcy Code, unless one of the previous exceptions is present, which they are not in this case.   It is imperative to bear in mind that in the instant case the collection letters were addressed to Emma Morales Alverio (a non debtor or third party) and not to Leila M. Casas Morales (Debtor/Plaintiff). It is undisputed from the record before us that after the filing of Plaintiff's bankruptcy petition on May 31, 2010, Plaintiff was never called via telephone or received collections letters either by Defendant, BPPR or ILCA Collection Agency, Inc., requesting the

payments of the credit card debts of Emma Morales Alverio.  Furthermore, the letters sent to the registered address were not addressed in the name of Plaintiff, as the co-debtor of the credit card debts. Under this scenario of undisputed facts there is not a violation of the automatic stay and therefore, the plaintiff is not entitled to recover damages.

WHEREFORE, IT IS ORDERED that the Plaintiff's motion for partial summary judgment shall be, and hereby is, DENIED, and Defendant's Cross Motion for Summary Judgment is GRANTED. Clerk to enter the judgment for Defendant accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico this 26 day of September, 2011.

Brian K. Tester
U.S. Bankruptcy Judge

CC:   ALL CREDITORS